ELIZABETH BURNS MCCARTHY, petitioner,

*v.*

EDWARD MCCARTHY, defendant-appellant, and GEORGE W. V. MOY, petitioner-respondent.

[Argued May 16th, 1934. Decided October 5th, 1934.]

*Messrs. McCarter & English,* for the appellant.

*Mr. George W. V. Moy, pro se,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

The question on this appeal is whether or not, in the situation presented, the respondent, Moy, who was solicitor for appellant, Edward McCarthy, in a divorce proceeding in the court of chancery, in which McCarthy filed a counter-claim and had a decree for the return to him of real and personal property held by his wife, is entitled to a decree for fees under the Attorneys' Lien act of 1914 (*P. L. 1914 p. 410*) on the property mentioned.

The record discloses that Elizabeth B. McCarthy filed a petition for divorce, to which the defendant answered and counter-claimed for the return of property, conveyed and assigned by him to his said wife.

On October 16th, 1933, final decree was entered dismissing the petition for divorce and granting the prayer of the counter-claim and directing the petitioner to transfer certain life insurance policies and securities and to reconvey real estate to the defendant. The undisputed proof is that all this was done. The personal property was delivered to Moy, who, in turn, handed it over to McCarthy, and the real estate was conveyed to McCarthy, the deed therefor being delivered by Moy to McCarthy, who had it recorded.

Several months after the decree referred to, and after the

delivery of the personal property to appellant, Moy presented a petition to the court of chancery seeking to enjoin McCarthy from disposing of the property in question and to have a decree for his counsel fees for services rendered to appellant, and to impress a lien on said property for the amount thereof. An order to show cause was made, with restraint. Appellant filed his verified answer, and upon the return of the order to show cause, the court made the decree appealed from, in and by which the court ordered that the appellant, within ten days after service of such decree, pay to the petitioner-respondent a counsel fee of $3,000, together with the sum of $47.82 for expenditures, and that, in default of such payment, execution issue therefor according to the practice of the court, against the goods and chattels, land, tenements, hereditaments and real estate of the defendant; and that the allowance be declared and ordered to be a lien upon the property of the defendant, real and personal, described in the final decree in the original proceeding; the restraint against conveying any of such property continuing, except so far as to permit appellant to realize from his insurance policies and securities sufficient moneys to satisfy the order for counsel fees and disbursements.

The advisory master who advised the order decided that the act of 1914 was applicable and so states in his memorandum.

The act in question is as follows:

"1. After the service of a summons and complaint in any action at law, or the filing of a bill of complaint or petition in the court of chancery, or the service of an answer containing a counter-claim in any action at law, the attorney, solicitor or counselor-at-law who shall appear in said cause for such party instituting the action at law, or suit, or filing the petition, or counter-claim, shall have a lien for compensation, upon his client's cause of action, suit, claim or counter-claim, which shall contain and attach to a verdict, report, decision, decree, award, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien shall not be affected by any settlement between the parties before or after judgment or final order or decree. The court in which such action, suit or other proceeding is pending, upon the petition of the attorney, solicitor or counselor-at-law, may determine and enforce the lien."

This act does not sustain the order made. It will be observed that the act applies only to the attorney, solicitor or counselor-at-law who appears in said cause for such party instituting the action at law, or suit, or filing the petition in chancery, or filing the answer containing a counter-claim in an action at law. As was said by Chief-Justice Brogan in *MacDonnell* v. *Vitille, 111 N. J. Eq. 502* (at *p. 506*):

"Applying technical reasoning to the solicitor's claim here under consideration we may say that his position does not come within the language of the statute [Attorneys' Lien act] because the contractor has not sued out any action at law or in equity or served an answer containing counter-claim in any action at law. The act is silent about a counter-claim in equity * * *."

We conclude that the act should not be extended beyond its terms, and that it does not include services rendered under a counter-claim in chancery.

Appellant further urges that inasmuch as the solicitor voluntarily turned over the avails of the litigation to the client, he cannot assert a lien upon the property so surrendered by him.

We think this is so. The purpose of the act was to give a lien upon the cause of action, which shall attach to the judgment or decree in the client's favor. When, however, the attorney effected a settlement of the matter in litigation and turned the proceeds over to his client, he waived his lien. *In re Heinsheimer, 214 N. Y. 361; 108 N. E. Rep. 636.* The lien was designed to prevent clandestine or collusive settlements of the litigation between the parties thereto, without the participation of the attorney and without affording him an opportunity to secure compensation from the avails of the litigation. Such is not the situation here. It is not controverted that the property involved in the claim of McCarthy was delivered to the respondent, Moy, who turned it over to McCarthy, thereby evidencing his intention to waive any lien that he might have thereon and to look to McCarthy for his compensation for services.

The petitioner, Moy, based his claim on the act of 1914.

The advisory master relied on that act, and in his conclusions cited *Warker* v. *Warker, 109 N. J. Eq. 106,* to support the order under review. We deem that case not applicable. In that case it was said:

"We think that the portion of the decree appealed from must be affirmed and in reaching this conclusion we are not concerned with or basing our conclusion upon the Attorneys' Lien act (*P. L. 1914 p. 410*), or section 91 of the Chancery act (*1 Comp. Stat. p. 445*), or any other statutory authority, but upon the fundamental and inherent right of the court of chancery to compensate such persons as are by its proper orders and decrees made officers and arms of the court, for such were both the solicitor of the complainant and the receiver.

"Undoubtedly counsel fees are to be likened unto costs, the right to award which is based directly, or indirectly, upon statutes.

"However, there are certain classes of causes over which courts of equity take particular cognizance and control and in which that court is peculiarly and jealously concerned with the protection of the property of certain classes of individuals."

In that case the complainant was an aged and infirm woman. This court said:

"But it is perfectly apparent that a gift or transfer of all the property of an aged and infirm person to another who stands in a relation of trust and confidence with the grantor or donor is revocable if the grantor or donor acts without independent and competent advice and such an estate is as much the concern of, and as fully protected by, the court of chancery as the estates of infants and incompetents. *Slack* v. *Rees, 66 N. J. Eq. 447.*"

In the instant case the parties occupied no such status as in the case cited. In this case, in the situation presented, Moy, having received the property involved and having surrendered it, could look only to his client for reasonable compensation. Failing payment, his remedy was by suit.

The order under review will be reversed.

*For affirmance*—LLOYD, BODINE, HEHER, JJ.   3.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, DONGES, PERSKIE, VAN BUSKIRK, KAYS, DEAR, WELLS, JJ.   10.