Complainant brings this suit to collect a judgment obtained by him against Elnora Smith, one of the defendants, for services as an undertaker for the funeral of one Margaret Ethridge, furnished at the request of Elnora Smith. Defendant William A. Byrd is made a party defendant as executor of Margaret Ethridge, who, by her will, left her estate to Elnora Smith. Raymond Chasan was made a defendant on the ground that he has in his possession a sum of money received by him for the account of Elnora Smith in a prior action in the court of chancery.
Raymond Chasan claims that he has an attorney's lien on the funds collected on the claim of Elnora Smith in the suit ofEthridge v. Smith. This position is untenable since a lien exists only by statute, and as has been held in the case ofMcCarthy v. McCarthy, 117 N.J. Eq. 22, the act providing for a lien should not be extended beyond its terms. The act *Page 535 
specifies the conditions under which such a lien exists and limits it to cases in which the person claiming it files a bill in an action at law or equity or files a counter-claim in an action at law. Defendant Chasan has not done any of these things and therefore has no lien and is therefore in the position of holding these funds as trustee for the benefit of Elnora Smith and complainant. They are entitled to payment therefrom. It is therefore unnecessary to determine whether the sum claimed by him for services is excessive or not.
As to the estate of Margaret Ethridge, it would have been liable for the funeral bill had not Elnora Smith undertaken the payment thereof as a primary liability. Since Elnora Smith is the sole legatee of Margaret Ethridge, her obligation is payable out of any sums coming to her as such legatee. This estate has not been settled, but it will be charged to the extent of Elnora Smith's interest therein with payment of any balance remaining uncollected from defendant Chasan.
 A decree will be advised accordingly. *Page 536