WILLIAM R. WARD, a lunatic, by guardians, complainant-appellant,

*v.*

PEOPLES BANK OF EAST ORANGE, defendant-respondent.

[Argued June 26th, 1919. Decided November 17th, 1919.]

1. Where a bill prays for answer without oath, such answer is not evidence for defendant, but is available to complainant as evidence in his favor.

2. In such case complainant is entitled to use so much of the answer as makes in his favor without being bound by that part which is against him.

. 3. A bill in equity to redeem a pledge will not lie unless it alleges some other ground of equitable jurisdiction.

4. Such bill will lie when it sets up a proper case for account in equity and discovery.

On appeal from a final decree in chancery, dismissing appellant's bill of complaint.

*Mr. Walter L. McDermott* (*Mr. William H. Carey* on the brief), for the appellant.

*Mr. Jerome D. Gedney,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The gravamen of the bill was that complainant while of unsound mind, although not so judicially declared, had dealings with the defendant bank as a depositor and borrower on collateral, and that the bank officials, knowing his mental condition, took advantage of it in their dealings with him; that later a commission appointed under the statute conducted an inquiry into his mental condition and found that he was of unsound mind, not only at the time of the inquiry, but from a time antedating most, if not all, of his transactions with the bank. It alleged an unsettled state of the accounts between them; that certain collateral had been improperly sold; that the bank refused information to the guardians as to the account, and prayed a discovery and accounting by the bank, and, that if as a result any balance was found in favor of the bank, complainant's securities should be delivered up on payment of such balance.

The answer which, as prayed by the bill, was not under oath, denied all knowledge or actual notice of insanity at the time of the dealings; averred that the bank had acted throughout with entire fairness and good faith; that it had always been ready to furnish any reasonable statements of the account, and annexed certain schedules purporting to contain the various items of that account. There was a general replication in the form prescribed by rule of court.

The case being brought to hearing on bill, answer and proofs before Vice-Chancellor Foster, he directed a dismissal of the bill on the grounds—*first,* that it was incumbent on complainant to show that the bank had actual knowledge of his mental condition at the time of the dealings in question, and on this point no evidence had been presented except the production of the inquisition, and that this was not enough; *secondly,* that complainant should show that the bank had acted unfairly in the transactions, but that complainant had adduced no proof on that subject, and *thirdly,* that as there was nothing to show that anything was due from the bank to complainant, or that he was entitled to an accounting, none would be decreed. The bank seems

to have presented no evidence, but to have relied on the record and complainant's evidence.

It is urged on this appeal that the inquisition and proceedings connected therewith, adjudicating lunacy during a period over-reaching the transactions between the parties, at least put the burden of proof on the bank to show actual ignorance of lunacy and fair dealing. See *Yauger* v. *Skinner, 14 N. J. Eq. 389.* If the point be well taken, respondent does not adequately answer it by the argument that complainant by relying on the answer as an admission of certain elements in his case, must accept also statements therein detrimental to his case. The rule is otherwise. Where a bill prays for answer without oath, such answer is not evidence for the defendant, but is evidence against him. *Symmes* v. *Strong, 28 N. J. Eq. 131; Reed* v. *Cumberland Ins. Co., 36 N. J. Eq. 393, 396.* And in *Hageman* v. *Brown, 76 N. J. Eq. 126,* it was said that the very object of waiving oath to an answer is to have the benefit of admissions therein without entitling defendant to have the answer treated as evidence in his favor.

We find it unnecessary on this appeal to deal with the effect of the inquisition as *prima facie* proof of defendant's knowledge of insanity at a prior time, or with the burden, if any, of showing fairness and good faith, as we conclude that the decree should be reversed on other grounds.

The bill alleged, and the answer admitted, various pledges of collateral, loans and other financial dealings between the parties; that some of the collateral had been sold and some still remained in pledge. The prayer was that an account be taken to ascertain and determine the amount owing, if anything, by complainant to the bank, and that upon payment of the amount so found due, the defendant might be decreed to surrender the securities, &c. This stamps the suit as one for redemption of a pledge, which rests on the same general rules as one for redemption from a chattel mortgage. *Pom. Eq. Jur. (1st ed.)* § *1231.* One of these rules is, that the pledgor may maintain an equitable action for an account, where the amount due is unsettled, and for redemption on payment on the amount found due. *Ibid.* § *1230,* and cases cited; *Rennie* v. *Deshon, 31 N. J. Eq. 378; Chambers*

v. *Kunzman, 59 N. J. Eq. 433.* It is true that a bill to redeem a pledge will not ordinarily lie except upon the allegation of some other ground of equitable jurisdiction, such as account or discovery. *31 Cyc. 860.* The defendant seems to have recognized complainant's right to both of these, by annexing to the answer what purport to be copies of collateral notes and somewhat lengthy book accounts, which indicate on the face of things a proper case for accounting and for discovery under oath. What the results would have been if this answer had been under oath, and, consequently, evidence for defendant, need not now be considered. As we have seen, the unsworn answer is available to complainant so far as he accepts its admissions, but not to defendant as to allegations in its own interest disputed by complainant. The replication on file is a general denial of the truth of the answer. *Story Eq. Pl. § 878.* As a consequence, complainant is entitled on the hearing to question the correctness of the alleged account, including the propriety of any sales of his securities made by the bank, and upon ascertainment by the court of the amount, if any, owing by him to the bank on such accounting, and payment of such amount, which he has tendered by his bill, to have back his pledged securities or such of them as have not been rightfully disposed of and can be restored to him, proper allowance being made in the account for any securities found to have been unlawfully sold and to be not reasonably capable of restoration.

Let the decree dismissing the bill be reversed and the cause reinstated with directions to order an account and discovery as to matters germane thereto, and further relief appropriate to the results of the accounting.

*For affirmance*—BLACK, WILLIAMS—2.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, WHITE, HEPPENHEIMER, TAYLOR, GARDNER—10.