This matter is before the court on a petition to establish an attorney's lien and fix the amount thereof. Petitioner performed services in a proceeding to compel the return to United Machine Liquidating Company of certain of its assets, which had been improperly disposed of. Title of these assets was ultimately determined to be in the corporation, which in the meantime had been thrown into bankruptcy. By permission of the bankruptcy court, the trustee in bankruptcy of the corporation has appeared on this application. It is contended on behalf of the trustee that petitioner's right to a lien has been terminated by the bankruptcy, and that, in any event, the bankruptcy, before the final recovery of the assets in question, leaves nothing to which the lien can attach.
In my opinion, these contentions are unsound. Under the statute now embodied in the R.S. 2:20-7, the solicitor shall have a lien for compensation upon the client's cause of action, suit, claim or counter-claim, which shall contain and attach to a verdict, report, decision, decree, award, judgment or final order in his client's favor, and the proceeds thereof in whosoever's hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order or decree. The court in which the action, suit or other proceeding is pending, upon the petition of the attorney, solicitor or counselor-at-law, may determine and enforce the lien.
That the lien existed and attached at the time of the performance of the services, irrespective of whether and when the matter in which the services were rendered was terminated, seems to be determined by the language of the statute itself. It was so held in Worthheim v. Burns Bros., 12 N.J. Mis. R. 676;174 Atl. Rep. 238. *Page 466 
In my opinion, the only substantial question is as to whether the bankruptcy destroyed the lien. It is my view that it did not. This is apart from the question as to whether the bankruptcy court will recognize and enforce the lien. Certain liens, mortgages and priorities which would be valid outside of bankruptcy are by the bankruptcy statute rendered invalid. Whether the present lien is one of them is a matter over which this court has no right or power to determine. By the order in the bankruptcy proceeding, the trustee in bankruptcy was made a party defendant in this proceeding, so that it would seem that the bankruptcy court recognizes the lien if its existence be determined by this court. However, this court is not and cannot be concerned with the question of enforcement of the lien, but only with the determination of its existence and its amount.
In a similar case, not reported, that of Hardy v. Allen
(Docket 105-25), the attorney's lien was declared established after bankruptcy and the amount of the lien was referred to a master to determine the amount.
In the present matter, the court will determine the amount of the lien. The petitioner clearly performed important services which ultimately resulted in the recovery of valuable assets. He had no express contract for compensation, but performed his services on a quantum meruit. Under the circumstances, I think there should be a reasonable allowance, which sum will be fixed when the decree is presented.
An order will be advised establishing a lien upon the assets recovered. The recognition and enforcement of the lien will, of course, require the determination of the bankruptcy court. *Page 467