This is a suit against an attorney-at-law of New Jersey to recover from him certain papers, the property of complainants, which came into his possession in the course of his services for complainants and which he retains by virtue of his attorney's general lien. Complainants offered him $3,300, which they assert is the sum due him under an agreement fixing his fee. He refused to surrender the papers unless he were paid $20,000, which sum he was willing to accept, provided that the dispute as to fees could be thus settled. Complainants were unwilling to meet his demand and filed their bill in which, while protesting that $3,300 is the correct sum, they offer to pay whatever fee the court may determine is proper.
The defendant moves to dismiss the bill on two grounds. The first is that the bill is fatally defective because it fails to allege that the complainants had demanded from the defendant a statement of his fees for services rendered. The only object of such a demand would be to find out how much the defendant claims to be due, so that complainants might pay him if they should acquiesce in the amount. In such event, there would be no necessity of litigation. The assertion by the complainants that only $3,300 is due and the charge that defendant refuses to surrender their papers unless paid $20,000, is sufficient to show a conflict between the parties. The other ground on which defendant moves to strike, is that complainants have an adequate remedy at law.
When one person holds personal property of another as security, whether under chattel mortgage, pledge, or lien arising by law, the owner may redeem his property by paying his debt. Upon his tender of the proper amount, if the lienor refuses to surrender the property, an action of trover or replevin is generally the proper remedy. The measure of damages is the value of the property converted, and where the property is documents and papers without a market value, a judgment for damages is not considered an adequate remedy. In replevin, the plaintiff can obtain the chattels themselves in lieu of damages, even though the defendant rebond. R.S. 2:73-32. Gropper v. Hoover, 5 N.J.Mis. R. 649; affirmed, *Page 480 104 N.J. Law 436. But before the cause of action accrues, the amount of the lien must be tendered, and therefore the owner must know or be in a position to learn the amount due. If there is such uncertainty as to the amount due that payment cannot be tendered, the legal remedy is unavailable, and the owner may redeem in Chancery. Ward v. People's Bank of Orange, 91 N.J. Eq. 110; 49 C.J. 977. The facts alleged in the present bill bring the case within this rule. The motion to strike is denied.
As soon as suit was begun, defendant hurriedly instituted an action for his fee, by attachment in the New York Supreme Court, although the defendant, as well as the other parties, are residents of New Jersey. No reason appears why the settlement of the dispute should be removed to the court of another state. Furthermore, it is the general rule that the court first obtaining jurisdiction should prevent either party from diverting the litigation to another court. 43 C.J.S., "Injunctions," 471 §37; Barton v. Silver, 107 N.J. Eq. 314. The defendant will be enjoined from taking any action in the attachment suit, except to dismiss the proceeding.
Complainants ask an interlocutory order compelling the defendant to surrender the documents which he holds. The defendant will not be injured by such an order, provided he be assured of payment of whatever may be found due him. On the other hand, it appears that the complainants are seriously hampered in certain negotiations by the fact that they do not have these papers in their hands. But it will be observed that to compel defendant to surrender the papers would be to grant complainant the substance of the relief which he seeks in this suit. Chancery seldom goes that far on an interlocutory motion. Aldrich v.Union Bag and Paper Co., 81 N.J. Eq. 244. But the court may do so if the facts warrant. Helbig v. Phillips, 105 N.J. Eq. 328;107 N.J. Eq. 138. Again, such an order would deprive defendant of his lien before he is paid. Generally, I would question whether a court can make a creditor surrender the security that he presently holds, even though he be given a better security in its place. But this is a case of attorney and client, a relation of highest trust and confidence. The retaining *Page 481 
lien is a judicial device for the protection of the attorney.Norrell v. Chasen, 125 N.J. Eq. 230. An attorney should not be permitted to use it wantonly to injure his client. The motion will be granted on terms that will safeguard defendant — perhaps a surety bond for $50,000. I am not satisfied with the suggestion of either party in respect to security and will hear counsel further on this feature.