7 N.J. Super. 271 (1950)
73 A.2d 74
ANTHONY J. VISCONTI, PLAINTIFF,
v.
M.E.M. MACHINERY CORP., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued April 17, 1950.
Decided April 26, 1950.
*273 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Allan L. Tumarkin, attorney for and of counsel pro se.
Mr. Ervan F. Kushner, attorney for and of counsel with defendant.
The opinion of the court was delivered by DONGES, J.A.D.
The single point in contention is whether appellant, Allan L. Tumarkin, an attorney-at-law, has a lien *274 on funds in his possession, for fees in the sum of $650 for professional services.
On March 22, 1949, appellant instituted an action in the Superior Court for defendant corporation against Renco Finishing Corp. There was an agreement whereby appellant was to receive 50% of what he collected.
On March 29, 1949, the defendant corporation was declared insolvent and a receiver was appointed. By the terms of the order appointing the receiver, the defendant, its attorneys, agents, etc., were enjoined among other things from prosecuting any actions or suits which affect the property of the defendant corporation. Despite this, the appellant continued to act in the suit brought by him, and on July 26, 1949, an order for summary judgment was entered in favor of the defendant corporation for $1,312.25, plus costs.
An appeal was instituted by the Renco Finishing Corp. from the order granting a summary judgment. The claim was subsequently settled with the approval of the Superior Court, Chancery Division, for $1,000. This money was collected by appellant and is now in his hands.
Prior to the insolvency proceedings, appellant had also rendered services to defendant corporation with respect to a claim by the American Welding Supply Co. against the defendant corporation.
The court below fixed the attorney's lien on the funds in his hands at $250, and ordered the remainder turned over to the receiver. Tumarkin, the attorney, appeals from the order fixing his compensation, and contends that he has a lien for $650. He claims he has a statutory lien for $500 with respect to the claim against Renco Finishing Corp., because of his contingent fee agreement with the defendant corporation. He also claims a general or retaining lien for $150, with respect to the services performed in connection with the claim of the American Welding Supply Co.
At common law, an attorney has two liens: one general, the other special. His general lien is his right to retain possession of documents and other property of his client *275 until he is paid whatever is due him for professional services. His special or charging lien arises only when judgment in favor of his client is entered; the lien is a charge against the judgment for services in that particular suit or cause of action. American Automobile Ins. Co. v. Niebuhr, 124 N.J. Eq. 372 (Ch. 1938). See also Norrell v. Chasan, 125 N.J. Eq. 230 (E. & A. 1938). The attorney is also protected in our State by a statute which grants a lien in his favor. Attorney's Lien Act of 1914 (P.L., p. 410; R.S. 1937, 2:20-7). This act is designed to protect an attorney whenever he institutes an action or files an answer containing a counterclaim. The lien attaches to the client's "cause of action, suit or counterclaim" as well as the verdict, report, decision, etc. The statute enlarged the protection afforded by the common law charging lien. Norrell v. Chasan, supra.
Since it is not disputed that appellant has a general or retaining lien upon the moneys in his hands for the services rendered in connection with the claim of the American Welding Supply Company, we will assume such lien existed. Nor can it be denied that the appellant has a statutory lien with respect to the suit he instituted on behalf of the M.E.M. Machinery Corporation against Renco Finishing Corp. for services rendered prior to the appointment of a receiver.
The subsequent insolvency proceedings did not destroy any lien which the appellant had acquired prior thereto. See De Marco v. Sands, 128 N.J. Eq. 464 (Ch. 1941). This case dealt with a bankruptcy proceeding instituted after the services were performed. The court held that the bankruptcy did not destroy the attorney's lien. The same reasoning is applicable to an insolvency proceeding.
The court below recognized the attorney's lien and gave effect to it. The appellant, however, contends that his lien was for $650 and the court only awarded $250. It must be remembered that even though a contingent fee agreement existed between the appellant and his client, most of the services which were the subject of the agreement were rendered after the receiver had been appointed and after an order of *276 the court was entered forbidding anyone to act with respect to the property of the M.E.M. Machinery Corp.
On appointment of a receiver for an insolvent corporation, title to all of its property vests in him, at once, by operation of law. See R.S. 14:14-9; Crown v. Regna Construction Co., 104 N.J. Eq. 469 (Ch. 1929).
Any transactions which take place after the appointment of a receiver must be carried on by the person legally authorized to do so. The cause of action should have been prosecuted by the attorney for the receiver. The continued performance of appellant's services were rendered at his risk. He can not claim a lien for services rendered subsequent to the receivership.
While he had an agreement for a contingent fee, his agreement was not fulfilled prior to the time he was legally obligated to refrain from acting in the cause. Under these circumstances, while the court is obliged to recognize a statutory lien for services rendered prior to the appointment of a receiver, the court may fix the amount of said lien. The court below recognized both the statutory lien and the general or retaining lien and properly fixed the amounts which were just and reasonable.
The order under review is affirmed.