252 N.J. Super. 214 (1991)
599 A.2d 595
STEPHEN FRENKEL, PLAINTIFF-RESPONDENT,
v.
MICHELLE FRENKEL, DEFENDANT, LANDI & KESSLER, INTERVENOR-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 22, 1991.
Decided December 6, 1991.
*216 Before Judges MICHELS, HAVEY and CONLEY.
Joel Kessler argued the cause for intervenor-appellant Landi & Kessler (Landi & Kessler, attorneys, pro se; Joel Kessler, of counsel and on the brief).
No appearance was made on behalf of plaintiff-respondent Stephen Frenkel.
The opinion of the court was delivered by MICHELS, P.J.A.D.
We granted intervenor Messrs. Landi & Kessler, the law firm formerly representing plaintiff Stephen Frenkel, leave to appeal from an order of the Chancery Division, Family Part, that in part, compelled it to turn over photocopies of plaintiff's file to Messrs. Blaustein & Wasserman, plaintiff's present attorneys in this matrimonial action. Landi & Kessler refused to turn over the photocopies of the file, contending that it was entitled to retain the file under an attorney's common law retaining lien until the balance of its fees had been paid by plaintiff.
Briefly, plaintiff retained Landi & Kessler to represent him in this matrimonial action. While the action was pending, plaintiff filed a bankruptcy petition with the Federal Bankruptcy Court, naming Landi & Kessler as one of his creditors. However, Landi & Kessler was not advised that a bankruptcy petition had been filed and continued to represent plaintiff. Sometime thereafter, Landi & Kessler was advised that plaintiff had retained Blaustein & Wasserman to represent him. Blaustein & Wasserman requested that Landi & Kessler turn over plaintiff's file and execute a substitution of attorney in its favor. At that time, plaintiff owed Landi & Kessler in excess of $5,000 for legal services performed in this matter, and, therefore, refused to execute the substitution of attorney or to turn over the file until its bill for legal services was paid. Landi & Kessler asserted its attorney's common law retaining lien and a lien under the New Jersey Attorney's Lien Act, N.J.S.A. 2A:13-5, *217 and moved to be relieved as counsel for plaintiff. Plaintiff immediately filed a cross-motion to compel Landi & Kessler to turn over the original file or a photocopy thereof. Following a hearing, the trial court relieved Landi & Kessler as attorneys for plaintiff and ordered it to turn over a photocopy of the file to Blaustein & Wasserman. The cost of photocopying the file was to be paid by plaintiff.
On appeal, Landi & Kessler contends that since plaintiff's bankruptcy petition was pending in the Bankruptcy Court, the State court did not have jurisdiction to order it to turn over plaintiff's file and that it was entitled to hold the file under its attorney's common law retaining lien. At oral argument, we were informed by counsel that during the pendency of this appeal plaintiff was discharged from bankruptcy and Landi & Kessler's claim for counsel fees was remanded to the State court for resolution. Thus, the only issue remaining before us is whether the trial court properly ordered Landi & Kessler to turn over photocopies of plaintiff's file to Blaustein & Wasserman even though the former's counsel fees had not been fully paid. We are satisfied that it did and, therefore, affirm the order under review.
Under New Jersey law, an attorney has a common law retaining lien which "attaches to all papers, books, documents, securities, moneys, and property of the client which come into the possession of the attorney in the course of, and with reference to, his professional employment." Brauer v. Hotel Associates, Inc., 40 N.J. 415, 419, 192 A.2d 831 (1963); H. & H. Ranch Homes, Inc. v. Smith, 54 N.J. Super. 347, 351-52, 148 A.2d 837 (App.Div. 1959); Norrell v. Chasan, 125 N.J. Eq. 230, 234, 4 A.2d 88 (E. & A. 1938); see In re Samuel August & Co., 228 F. Supp. 443, 445 (D.N.J. 1964). The attorney's common law retaining lien is a general lien which gives an attorney the right to retain possession of the client's property until the entire balance due for legal services, as well as for costs and disbursements, is paid. However, the attorney's common law retaining *218 lien, unlike the common law charging lien, is a passive lien which is not enforceable through legal proceedings. Brauer v. Hotel Associates, Inc., supra, 40 N.J. at 419-420, 192 A.2d 831; accord Panarello v. Panarello, 245 N.J. Super. 318, 323, 585 A.2d 428 (Ch.Div. 1990). In Brauer v. Hotel Associates, Inc., the Supreme Court explained the difference between the attorney's common law retaining lien and the common law special or charging lien as follows:
The retaining lien is distinguishable from the common-law special or charging lien which an attorney may have for services rendered in a particular cause of action and which attaches to the judgment in the cause for which the services were rendered. Visconti v. M.E.M. Machinery Corp., supra [7 N.J. Super. 271, 73 A.2d 74] [(App.Div. 1950)]. The charging lien may be actively enforced and does not rest upon possession. Republic Factors, Inc. v. Carteret Work Uniforms, 24 N.J. 525, 534 [133 A.2d 6] (1957); 7 Am.Jur.2d, supra, § 281. Its scope was enlarged by N.J.S. 2A:13-5. H. & H. Ranch Homes, Inc. v. Smith, 54 N.J. Super. 347 [148 A.2d 837] (App.Div. 1959). It is, however, only the common-law general or retaining lien with which we are herein concerned.
The attorney's retaining lien can only attach to property that comes into the possession of the attorney in the course of, and with respect to, his professional employment. It cannot arise if possession of the property is maintained for a special purpose inconsistent with his claim to a lien. Ideal Tile Corp. v. N.T. Investment Co., 111 N.J. Eq. 241 [162 A. 111] (Ch. 1932); Annotation, 2 A.L.R. 1488 (1919); Annotation, 1917D Ann.Cas. 147, 150-151; 7 Am.Jur.2d, supra, § 275. [40 N.J. at 420, 192 A.2d 831].
The Supreme Court further emphasized that the value or effectiveness of the attorney's common law retaining lien
is not the value of the property itself.... Rather, the effectiveness of the lien is proportionate to the inconvenience of the client in being denied access to his property.... The focal point is not upon the objective worth of the property, but upon its subjective worth to the client and those who represent him. If the property loses this latter value, the attorney's possession becomes meaningless, and his passive lien, to all effects, worthless. Therefore, it is the inconvenience suffered by the client which determines the value of the lien, and if the client or his representative considers the elimination of this inconvenience to be as valuable as the amount of the attorney's charges, then the client will satisfy the charges, the lien will dissolve, and the client's property will be returned. The nature of the lien thus evokes the conclusion that the intrinsic value of the property is immaterial. [Brauer, supra, 40 N.J. at 422-23, 192 A.2d 831 (citations omitted)].
Thus, under an attorney's common law retaining lien, the attorney does not have to relinquish possession of the *219 client's property until the attorney has been paid. However, that lien is not absolute and without qualification. Steiner v. Stein, 141 N.J. Eq. 478, 480, 58 A.2d 102 (Ch. 1948). Although an attorney may hold a client's property under the common law retaining lien, the property of the client should be returned when that attorney withdraws so that the client can continue with the prosecution or defense of the case. The conflict between the former attorney, on the one hand exercising the common law retaining lien, and the client, on the other hand demanding the return of the file, should not be allowed to delay the prosecution of the underlying action. The rights of the parties must give way to the overriding consideration of the prompt and effective administration of justice. The retaining lien serves as a protection for the attorney, however, "an attorney should not be permitted to use it wantonly to injure his client." Steiner v. Stein, supra, 141 N.J. Eq. at 480-81, 58 A.2d 102. Therefore, in order to prosecute the underlying action and to accommodate the competing interests between the former attorney and the client, the court must have the power to order the former attorney to turn over the file to the client. The client can prosecute or defend the case and the attorney's common law retaining lien for the unpaid fee can still be protected. By the court ordering the former attorney to turn over the client's file, there has not been a voluntary surrender of possession which would extinguish the attorney's common law retaining lien. On the contrary, the lien is not relinquished. See Brauer v. Hotel Associates, Inc., supra, 40 N.J. at 423, 192 A.2d 831; H. & H. Ranch Homes, Inc. v. Smith, supra, 54 N.J. Super. at 352, 148 A.2d 837; see also 7 Am.Jur.2d, Attorneys at Law, § 322 (1980).
Other courts, which have confronted this problem have recognized that the conflict between the withdrawing attorney and the former client should not be allowed to delay the underlying action. Thus, in Lucky-Goldstar v. International Mfg. Sales Co., 636 F. Supp. 1059, 1062-63 (N.D.Ill. 1986), the Federal Court, in part, noted:

*220 We are therefore faced with a direct conflict between two well-established principles: An attorney may hold a client's property under an attorney's retaining lien, but a client should have his property returned to him when his attorney withdraws. Although both principles are well established, neither is absolute. Informal Op. 1461. Both are judicial devices, the former for the protection of the attorney, the latter for the protection of the client. See Steiner v. Stein, 141 N.J. Eq. 478, 58 A.2d 102, 104 (1948).
There is an equally important third interest  effective judicial administration. The conflict between the withdrawn attorney and the former client should not be allowed to delay the underlying action. In attempting to move the underlying action forward and accommodate these competing interests, the court should not interfere unnecessarily in the dispute between the lawyer and client. The fee dispute is something the lawyer and client should work out in the proper state forum.... Therefore, the aim should be to provide access to the documents necessary to the underlying action without prejudicing the rights of either party to a controversy....
Moreover, the Supreme Court's Advisory Committee on Professional Ethics has recognized that even if a law firm is not fully paid, the firm has no justification for refusing to deliver to the client whatever the client was entitled to receive. See Opinion 554, 115 N.J.L.J. 565, 579 (1985). There, the Committee attempted to reconcile R.P.C. 1.16(d)[1] with R.P.C. 1.15(b)[2] of the Rules of Professional Conduct and concluded "that the client or his new attorney is entitled to receive the file with everything which is or was essential for the completion of the litigation." Id. at 579. The Committee went on to note that

*221 [i]f the new lawyer asks to review the file and indicates the particular material he needs, it could be promptly copied.... [However] [w]e can find no precedent deciding who pays for the copy work. It seems to us that when a client changes attorneys, the burden should rest with the client and his new attorney. [Id.].
Some courts have carved out exceptions to the attorney's right to retain a client's file under a common law retaining lien. See, e.g. In re Garcia, 76 B.R. 68, 69 (Bankr.E.D.Pa. 1987), aff'd sub nom., Appeal of Clark, Ladner, Fortenbaugh & Young, 838 F.2d 459 (1987) and 838 F.2d 460 (1987) and sub nom. New World Mktg. Corp. v. Garcia, 838 F.2d 462 (1987) (exception "where some fundamental right of the client would be impaired by recognizing the lien, as where the documents are needed by the client to defend himself against criminal charges, or where there are overriding issues of public policy"); Pomerantz v. Schandler, 704 F.2d 681, 683 (2nd Cir.1983) (exception "when the client has an urgent need for the papers to defend a criminal prosecution"); Jenkins v. Weinshienk, 670 F.2d 915, 919 (10th Cir.1982) (exception recognized "when an important personal liberty interest of the client is at stake"); see also Federal Land Bk. v. Federal Intermediate Credit Bk., 128 F.R.D. 182, 184, 187 (S.D.Miss. 1989); Petition of Hauptmann, 243 App.Div. 631, 277 N.Y.S. 631 (App.Div. 1935); Robinson v. Rodgers, 237 N.Y. 467, 143 N.E. 647 (1924); 7A C.J.S., Attorney and Client § 358 (Supp. 1991).
Consequently, we hold that the trial court properly ordered Landi & Kessler to turn over photocopies of plaintiff's file to Blaustein & Wasserman. The interests of justice require that this matrimonial action go forward and that the critically important issues, such as the status of the marriage, be considered and resolved by the trial court in a timely manner. The prompt and effective administration of justice demands this and the enforcement of an attorney's common law retaining lien for legal fees cannot be permitted to delay or interfere with the prosecution of the underlying action. Furthermore, since the trial court expressly recognized Landi & Kessler's right to be paid and the existence of its attorney's lien for the unpaid *222 balance of its bill for legal services, Landi & Kessler's rights are adequately preserved and fee adequately safeguarded.
Accordingly, the order under review is affirmed.
NOTES
[1] RPC 1.16(d) of the Rules of Professional Conduct provides as follows:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.
[2] RPC 1.15(b) provides as follows:

Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive.