**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4725-15T3

300 BROADWAY HEALTHCARE CENTER,
LLC, d/b/a NEW VISTA NURSING
AND REHABILITATION CENTER, and
GEORGE WEINBERGER, LEON
GOLDENBERGER and HADASSAH
SCHWARTZ (Each Individually
and Derivately on Behalf of
300 Broadway Healthcare,
Center, LLC),

    Plaintiffs-Respondents,

v.

HAPPY DAYS ADULT HEALTHCARE,
LLC, BRIAN KLEIMAN, STEVEN
KLEIMAN, RIVKA CHAYA KLEIMAN,
RIVKA BASYA KLEIMAN, HD
HEALTHCARE MANAGEMENT, LLC,
and NEW HORIZONS BEHAVORIAL
HEALTHCARE CENTER, LLC,

    Defendants.

_____

LASSER HOCHMAN, LLC,

    Appellant.

_____

Submitted October 3, 2017 — Decided October 24, 2017

Before Judges Reisner and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000025-05.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, attorneys for appellant (Thomas F. Quinn and Joanna Piorek, of counsel and on the briefs; Michael R. McAndrew, on the briefs).

Ferrara Law Group, PC, attorneys for respondent 300 Broadway Healthcare Center, LLC (Ralph P. Ferrara and Morgan J. Zucker, on the brief).

PER CURIAM

This appeal concerns a dispute over the obligation of a corporation's former law firm to turn over the former client's files to the client's new counsel, and the former firm's right to charge the client for the time to collect the files and the cost of copying the files. Appellant, Lasser Hochman, LLC (the law firm), which formerly provided legal representation to 300 Broadway Healthcare d/b/a New Vista Nursing and Rehabilitation (300 Broadway or the client), appeals from a May 27, 2016 order, directing the law firm to turn over certain files to the client's new counsel without charging for any costs. The files related to legal matters in which the law firm currently or previously represented 300 Broadway.

While the dispute is the last chapter in a tortuous ten-year shareholder litigation, the issues on this appeal can be resolved simply. The client, 300 Broadway, advises us in its brief that

the law firm has now turned over all of the files that were the subject of the May 27, 2016 order.  Accordingly, all issues concerning the law firm's obligation to turn over the files to the client's new counsel are moot.  See Redd v. Bowman, 223 N.J. 87, 104 (2015).  After reading the transcript of the oral argument before the trial court, we also conclude that the law firm waived its jurisdictional and procedural objections to the client's turnover application.

We are constrained to remand the issue of the costs related to the turnover of the files to the trial court, because the trial court did not adequately address the issue. The trial court reasoned that declining to release the files without payment constituted the assertion of a common law retaining lien, a practice now prohibited by RPC 1.16(d).  The firm did not assert a retaining lien.  However, even if the firm was required to turn over the files without advance payment, that does not answer the question whether the firm was entitled to the costs of collecting and copying the files.  The trial court did not address any available precedent on that issue.  See Frenkel v. Frenkel, 252 N.J. Super. 214, 220-21 (App. Div. 1991); Opinion 554 of the Sup. Ct. Comm. on Attorney Ethics, 115 N.J.L.J. 565 (1985).  Lastly, the subject of the costs for turning over files may have been addressed in the retainer agreement between the law firm and the

A-4725-15T3

client.  We remand the costs issue to the trial court for reconsideration.

Dismissed as moot in part, remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION