GEIGER, J.S.C. (temporarily assigned).
*197 *46 Plaintiff Valerie Giarusso retained petitioner-appellant Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC to represent her in certain post-judgment proceedings arising out of her divorce action against defendant William G. Giarusso. Pursuant to the written retainer agreement plaintiff signed, she agreed to pay petitioner an initial $5000 retainer and subsequent monthly invoices for services rendered. Although plaintiff paid the initial retainer, she did not remit any further payments to petitioner. Petitioner claims that plaintiff owes an unpaid balance of $99,356.10 plus interest.
Petitioner rendered the legal services to collect the alimony arrears, child support arrears, and equitable distribution owed to plaintiff by her ex-husband. After petitioner's representation of plaintiff ended, petitioner filed a post-judgment application in the divorce proceeding to: 1) determine and enforce an attorney's charging lien against plaintiff in the amount of $99,356.10 plus interest pursuant to N.J.S.A. 2A:13-5 ; and 2) enter judgment against plaintiff in the amount of the fee award. Petitioner sought to impose the lien against the alimony and child support arrears owed to plaintiff and plaintiff's equitable distribution share of various marital assets.
*47 Plaintiff opposed the petition on several grounds including that she disputed the amount owed, claiming the services performed could not justify the amount billed given the amount of the retainer paid. She also contended she never received notice of the right to seek fee arbitration of petitioner's bill.
Petitioner responded it had provided the fee arbitration pre-action notice required by Rule 1:20A-6 and copies of each of the monthly invoices to plaintiff on March 7, 2013, some eighty-five days before filing the petition. The notice and invoices were sent by certified mail, return receipt requested, and simultaneously by ordinary mail. The certified mail was returned unclaimed, but the ordinary mail was not returned as undeliverable.
After initially imposing an interim charging lien, the trial court conducted a plenary hearing. Relying on two unpublished appellate decisions, the trial court issued a June 18, 2015 order and written decision discharging the interim charging lien, denying entry of a final charging lien, and denying entry of judgment against plaintiff. The trial court issued a subsequent September 29, 2015 order with an attached statement of reasons awarding petitioner attorney's fees in the amount of $50,000. Petitioner appeals from each of those rulings. We affirm the denial of a charging lien, reverse the denial of the entry of a judgment in favor of petitioner, and vacate and remand the issue of determining the appropriate amount of the award of petitioner's attorney's fees to the Family Part.
I.
Petitioner contends the trial court erred in ruling that the Attorney's Lien Act, N.J.S.A. 2A:13-5, (the Act) does not apply to legal services performed entirely post-judgment. We are unpersuaded by this argument.
Charging liens are governed by the Act, which provides:
*198 After the filing of a complaint or third-party complaint or the service of a pleading containing a counterclaim or cross-claim, the attorney or counsellor at law, who shall appear in the cause for the party instituting the action or maintaining the *48 third-party claim or counterclaim or cross-claim, shall have a lien for compensation, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whose hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien.
[ N.J.S.A. 2A:13-5.]
A charging lien is an active lien "which an attorney may have for services rendered in a particular cause of action and which attaches to the judgment in the cause for which the services were rendered." Brauer v. Hotel Assocs., Inc., 40 N.J. 415, 420, 192 A.2d 831 (1963) (citing Visconti v. M.E.M. Machinery Corp., 7 N.J. Super. 271, 73 A.2d 74 (App. 1950) ).
The facts in this matter are similar to those in Panarello v. Panarello, in which a law firm sought a charging lien against a former client for legal services rendered exclusively post-judgment in a divorce action. 245 N.J. Super. 318, 585 A.2d 428 (Ch. Div. 1990). After noting the scope of common-law charging liens were enlarged by the Act, the court cautioned that the "statute clearly has limits." Id. at 321, 585 A.2d 428. The court explained an "attorney's lien protected the fee for services rendered in securing the judgment, final order or verdict on behalf of a client." Id. at 322, 585 A.2d 428 (citing McCarthy v. McCarthy, 117 N.J. Eq. 22, 174 A. 751 (E. & A. 1934) ). The court then found that "there is no provision in this legislation to allow an attorney's lien to be asserted for post-judgment legal services." Ibid. Based on the clear and unambiguous language of the statute, the court denied the application for a charging lien, holding the Act does not apply to post-judgment legal services. Id. at 323, 585 A.2d 428.
In Musikoff v. Jay Parrino's the Mint, LLC, the Court was called upon to answer a question of law certified and submitted by the United States Court of Appeals for the Third Circuit pursuant to Rule 2:12A. 172 N.J. 133, 796 A.2d 866 (2002). The issue was whether an attorney seeking to enforce a lien under the Act must *49 file a petition to enforce the lien prior to any settlement or final judgment in the underlying matter. Id. at 136, 796 A.2d 866. The Court held "the Act does not require an attorney to file a petition to acknowledge and enforce an attorney's lien prior to settlement or judgment in the matter that has given rise to the lien itself." Ibid. In reaching that conclusion, the Court explained the limited reach of the statute and discussed its non-applicability to post-judgment legal services, citing Panarello with approval:
The statute not only codifies the common-law special or charging lien, "but it also expands the common law lien which had attached only to a judgment." Martin v. Martin, 335 N.J. Super. 212, 222, 762 A.2d 246 (App. Div. 2000) (citing Norrell v. Chasan, 125 N.J. Eq. 230, 236-37, 4 A.2d 88 (E. & A. 1939) ). An attorney's statutory lien attaches broadly to any "verdict, report, decision, award, judgment or final order in his [or her] client's favor, and the proceeds thereof in whosesoever hands they may *199 come." N.J.S.A. 2A:13-5 ; see also [Kevin H. Michels, N.J. Attorney Ethics § 37:2-2b(2) at 833 (2002) ] (describing expansive character of lien). The statute's reach, however, is not unlimited. For example, there is no authorization for "an attorney's lien to be asserted for post-judgment legal services." Panarello v. Panarello, 245 N.J. Super. 318, 322, 585 A.2d 428 (Ch. Div. 1990) ; cf. Steiger v. Armellino, 315 N.J. Super. 176, 180, 716 A.2d 1216 (Ch. Div. 1998) (holding that Act did not prevent lien from attaching to subsequent matter that stemmed from original pleadings).
[ Id. at 139 (alteration in original).]
While its pronouncement that the statute does not apply to post-judgment legal services statement may be dicta, we find the Court's carefully considered statement to be persuasive authority. See Barreiro v. Morais, 318 N.J. Super. 461, 468-69, 723 A.2d 1244 (App. Div. 1999).
We concur with the holding in Panarello. "An attorney's lien is merely a right in the attorney to a lien on any judgment recovered for the attorney's client." Cole, Schotz, Bernstein, Meisel & Forman, PA v. Owens, 292 N.J. Super. 453, 460, 679 A.2d 155 (App. Div. 1996) (citation omitted). "It is an attorney's 'claim of right to ask for intervention of the court for the attorney's protection, when having obtained judgment for his [or her] client, there is a probability of the client depriving him [or her] of his [or her] costs ....' " Ibid. (second and third alterations in original) (quoting *50 Republic Factors, Inc. v. Carteret Work Uniforms, 24 N.J. 525, 534, 133 A.2d 6 (1957) ). "Where there is no recovery, there is nothing to which the attorney's lien can attach." Ibid. We find no legal basis for imposing a charging lien under the Act on a judgment recovered by a client before the attorney seeking the lien first became involved.
Here, petitioner did not represent plaintiff during the pendency of the underlying divorce action or its resolution. Instead, plaintiff retained petitioner to enforce the previously entered judgment. The services rendered by petitioner were limited to post-judgment enforcement of previously awarded relief obtained through the efforts of prior counsel. Thus, petitioner is not entitled to a charging lien for unpaid legal services rendered post-judgment.
II.
Petitioner sought an award of attorney's fees against plaintiff in the amount of $99,356.10. Plaintiff contends the services rendered were extraordinary, excessive, and unreasonable. After reviewing the submissions and conducting a plenary testimonial hearing, the trial court reduced that amount by approximately one-half, determining the reasonable value of petitioner's services to be $50,000. Petitioner argues the trial court abused its discretion by not awarding the full amount sought. Petitioner further argues the trial court erred by failing to provide its analysis of the relevant RPC 1.5(a) factors in light of the evidence presented.
"A lawyer's fee must be reasonable." Rosenberg v. Rosenberg, 286 N.J. Super. 58, 69, 668 A.2d 84 (App. Div. 1995) (citing RPC 1.5(a) ). "Attorneys have never had the right to enforce contractual provisions for more than a fair and reasonable fee. They are not businessmen entitled to charge what the traffic will bear." Am. Trial Lawyers Ass'n v. N.J. Sup. Ct., 126 N.J. Super. 577, 591, 316 A.2d 19 (App. Div. 1974).
Petitioner bears the burden of proving the reasonableness of the fees by a preponderance of the evidence in accordance with RPC 1.5(a).
*51 *200 Lopez v. Pitula, 271 N.J. Super. 116, 122, 638 A.2d 155 (App. Div. 1994) (citing R. 1:20A-3(b)(1) ). This involves determining the number of hours reasonably expended multiplied by a reasonable hourly rate. Rendine v. Pantzer, 141 N.J. 292, 334-35, 661 A.2d 1202 (1995). "Compiling raw totals of hours spent, however, does not complete the inquiry. It does not follow that the amount of time actually expended is the amount of time reasonably expended." Ibid. (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) ).
The factors to be considered in determining the reasonableness of an attorney's fee include: "the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;" "the amount involved and the results obtained;" and "whether the fee is fixed or contingent." RPC 1.5(a)(1), (4), and (8).
"The application of these factors and the ultimate decision to award counsel fees rests within the sound discretion of the trial judge." Loro v. Colliano, 354 N.J. Super. 212, 227, 806 A.2d 799 (App. Div. 2002) (citations omitted). When considering an application for an attorney's charging lien, the trial court must determine whether the fees billed are reasonable "based on the complete record presented at the plenary hearing." Levine v. Levine, 381 N.J. Super. 1, 12-13, 884 A.2d 222 (App. Div. 2005).
Ordinarily, our review of a trial court's decision concerning a fee is limited. Such fee determinations by trial courts should be disturbed "only on the rarest occasions, and then only because of a clear abuse of discretion." Rendine, 141 N.J. at 317, 661 A.2d 1202 ; see also Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444, 771 A.2d 1194 (2001) (citing the "deferential standard of review" mandated by Rendine ). "A trial court decision will constitute an abuse of discretion where the decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Saffos v. Avaya Inc., 419 N.J. Super. 244, 271, 16 A.3d 1076 (App. Div. 2011) (alteration in original) (citations omitted).
*52 In Gruhin & Gruhin, PA v. Brown, we addressed the role of the court in reviewing unpaid invoices owed by a client to his former attorneys for legal services in a divorce matter. 338 N.J. Super. 276, 768 A.2d 822 (App. Div. 2001). We first noted "a lawyer's bill for services must be reasonable both as to the hourly rate and as to the services performed. That is not only the lawyer's legal obligation but his ethical one as well." Id. at 280, 768 A.2d 822 (citing RPC 1.5 ; Rosenberg v. Rosenberg, 286 N.J. Super. 58, 69, 668 A.2d 84 (App. Div. 1995) ). We then explained:
As between attorney and client, their agreement ordinarily controls unless it is overreaching or is violative of basic principles of fair dealing or the services performed were not reasonable or necessary. Thus, although the court has the power and authority to review the fairness of the agreement and the reasonableness of the fee charged, it should ordinarily defer to the parties' agreement and the fee charged thereunder if it appears, as here, that they meet a prima facie test of fairness and reasonableness, the client utterly fails to come forward with anything of substance to rebut that prima facie showing, and no expert is produced to challenge the bill rendered as unreasonable.
[ Id. at 281 (citations omitted).]
Plaintiff did not dispute petitioner's hourly rates, which the trial court found to be commensurate with the rate charged by experienced counsel handling complex matrimonial matters. Rather, she challenged *201 the number of hours expended by her counsel.
The evidence presented by petitioner included the monthly invoices for the unpaid services rendered from May 2011 to November 2012. Although the invoices set forth the date, type of service, identity of the person performing the work, time expended, and resulting amount, the invoices omit any description of the subject matter or purpose of the service rendered. For example, the invoices indicate the type of communication (telephone call or email) or conference with an individual without setting forth the subject matter. Moreover, while petitioner's bills totaled some $99,356.10, defendant testified he incurred only $13,000 or $14,000 in legal fees during the same time period. Given these circumstances, plaintiff's opposition to petitioner's invoices cannot be fairly characterized as conclusory or unsupported.
*53 The trial court afforded petitioner an opportunity to make the required showing during the plenary hearing but found the evidence insufficient. The court stated it was unable to discern the extent and complexity of the post-judgment motions, the reasonableness and necessity for the time expended by petitioner, or the result obtained by the rendering of particular services. As a result, the trial court found petitioner did not meet its burden.
The trial court also noted defendant's counsel fees during the same period were only $13,000 but could not compare the respective fees "without ... being able to delve into what each attorney was doing and why."
Taking into account the record before it, the trial court concluded:
The [c]ourt cannot make the determination of the reasonableness and necessity of the bills for legal services in the partial vacuum within which it must address the issue. I have considered the factors set forth in RPC 1.5(a) to the extent information has been supplied.
Since [her counsel] has provided me with only half of the picture-the expended time, but not the description of the work being done or the reasons why so much time had to be committed to this matter, I will determine that half of his billed fees are to be awarded. Based on the limited record provided to the [c]ourt, I find a reasonable amount for legal services he rendered to plaintiff in the period of his representation to be $50,000.
To be sure, the billing records set forth the time expended by petitioner. But without a description of the work or an explanation for the amount of time expended, the judge could not determine the reasonableness of the hours actually expended, a critical determination in calculating the fee to be awarded. The judge characterized the records presented as being "only half of the picture." On that basis alone, the judge reduced the fees sought by one-half without providing any further findings or explanation.
"Trial judges are under a duty to make findings of fact and to state reasons in support of their conclusions." Heinl v. Heinl, 287 N.J. Super. 337, 347, 671 A.2d 147 (App. Div. 1996) (citing R. 1:7-4). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310, 953 A.2d 1219 (App. Div. 2008)
*54 (quoting Salch v. Salch, 240 N.J. Super. 441, 443, 573 A.2d 520 (App. Div. 1990) ). "Naked conclusions do not satisfy the purpose of [Rule ] 1:7-4." Curtis v. Finneran, 83 N.J. 563, 570, 417 A.2d 15 (1980).
Here, although the judge attempted to analyze the time expended by petitioner, he failed to make the substantive findings *202 of fact and conclusions of law required by Rule 1:7-4(a) to provide the basis for his decision to award one-half of the fees sought. We recognize the judge was thwarted from doing so because petitioner did not provide sufficient information necessary to fully engage in such an analysis. While the failure to provide such information would normally preclude an award of fees, it is not uncommon for this court on remand to allow curing of the defect. See, e.g., Kingsdorf v. Kingsdorf, 351 N.J. Super. 144, 159, 797 A.2d 206 (App. Div. 2002).
We conclude a remand is required, as the judge made insufficient findings regarding several of the factors set forth in RPC 1.5(a). See Loro, 354 N.J. Super. at 227, 806 A.2d 799. Accordingly, the issue of petitioner's attorney's fees is remanded to the Family Part for the development of a proper reviewable record.[1] The judge shall make specific findings of fact and conclusions of law in compliance with Rule 1:7-4. We express no opinion as to the appropriate fee award in this matter.
III.
Finally, petitioner argues the trial court erred in determining it could not enter judgment in its favor for the fees awarded plus interest, and requiring that petitioner commence a separate collection action in the Law Division to obtain a judgment for the fees awarded. We agree.
The trial court stated it could not enter judgment "when there is no pleading between" plaintiff and petitioner and the charging *55 lien was discharged. The trial court also determined plaintiff must have an opportunity to file an answer and counterclaim. The court emphasized petitioner did not move to intervene pursuant to Rule 4:33-1 or file an interpleader action pursuant to Rule 4:31.
In Levine, we addressed the issue of whether an attorney "must file a separate action in the Law Division for the recovery of counsel fees or is entitled to a plenary hearing in the trial court on his petition for a charging lien." 381 N.J. Super. at 8, 884 A.2d 222. "A petition for an attorney's fee lien may be filed either before or after entry of judgment in the underlying action." Id. at 9, 884 A.2d 222. Furthermore, "it is ordinarily preferable for the judge who presided over the underlying action also to decide any fee dispute between the attorney and client." Id. at 13, 884 A.2d 222, n.7. By proceeding in this fashion,
the interests of judicial economy and efficiency [are served] by placing the dispute before the same judge who presided over the underlying action, rather than requiring another judge to review a trial record with which that judge has no prior familiarity. This mode of disposition also enables the attorney and client to resolve their fee dispute more expeditiously than by a separate action in the Law Division.
[ Id. at 10-11 (citation omitted).]
We hold that a petitioning attorney may obtain a judgment against his or her client for the reasonable amount of unpaid legal fees in the underlying action without filing a separate action in the Law Division. The petition should be filed in the underlying action but it is to be tried as a separate and distinct plenary action in the Chancery Division with the right to conduct discovery, and the holding of a pretrial conference. Id. at 9-10, 884 A.2d 222 ; see Musikoff, 172 N.J. at 145, 796 A.2d 866 ; Martin, 335 N.J. Super. at 222-23, 762 A.2d 246. Petitioner need not file a separate *203 action in the Law Division to obtain a judgment against his client for attorney's fees.
Affirmed in part, reversed in part, and vacated and remanded in part for proceedings consistent with this opinion. We do not retain jurisdiction.

The trial judge is now retired.