**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2866-18T2

HANGZHOU HIKVISION
DIGITAL TECHNOLOGY CO.,
LTD.,

      Plaintiff-Respondent,

v.

AEON GLOBAL TECHNOLOGY,
INC., a/k/a KT&C AMERICA INC.,
a/k/a KT&C CO., LTD.,

      Defendant-Appellant.

_____

      Submitted March 4, 2020 – Decided March 16, 2020

      Before Judges Mayer and Enright.

      On appeal from the Superior Court of New Jersey,
      Law Division, Essex County, Docket No. L-4634-16.

      Mark S. Carter, attorney for appellant.

      William James Jeffery, attorney for respondent.

PER CURIAM

Defendant Aeon Global Technology, Inc., a/k/a KT&C America, a/k/a KT&C Co., Ltd. appeals from a January 25, 2019 order for judgment awarding the sum of $100,026 to plaintiff Hangzhou Hikvision Digital Technology Co., Ltd. Because the motion judge failed to set forth findings of fact and conclusions of law, we reverse.

Plaintiff sold goods to defendant. After defendant failed to pay for the goods, plaintiff filed a complaint, alleging breach of contract and unjust enrichment. Defendant responded by filing an answer and counterclaim, alleging breach of contract for defective or non-conforming goods sold to it by plaintiff. The parties settled the litigation and executed a stipulation of settlement memorializing their agreement.

After making periodic payments in accordance with the parties' stipulation of settlement, defendant belatedly asserted the agreement failed to account for a prior payment it made to plaintiff in the amount of $100,000. As a result, defendant unilaterally ceased making payments pursuant to the stipulation of settlement.

Plaintiff then filed a motion to enforce the settlement and requested the entry of judgment against defendant for the outstanding amount due under the settlement. Defendant opposed the motion.

2

On January 25, 2019, the judge entered an order for judgment, awarding plaintiff the sum of $100,026, plus taxed costs. The order lacked any indication the judge rendered a written or oral opinion stating his findings of fact or conclusions of law.

On appeal, defendant contends the judge failed to consider a previous payment it made to plaintiff. Defendant also argues the judge failed to set forth factual findings and legal conclusions, warranting a remand.

Rule 1:7-4(a) states that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right . . . . " "Naked conclusions do not satisfy the purpose of [Rule] 1:7-4." Curtis v. Finneran, 83 N.J. 563, 570 (1980). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Giarusso v. Giarusso, 455 N.J. Super. 42, 53 (App. Div. 2018) (quoting Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008)).

Defendant suggests we exercise original jurisdiction and reverse the judgment rather than remand for findings of fact and conclusions of law. While Rule 2:10-5 allows an appellate court to exercise original jurisdiction "as is necessary to the complete determination of any matter on review," we should do

so "with great frugality." Tomaino v. Burman, 364 N.J. Super. 224, 234-35 (App. Div. 2003) (quoting In re Boardwalk Regency Corp. Casino License Application, 180 N.J. Super. 324, 334 (App. Div. 1981)). The exercise of original jurisdiction is disfavored when fact-finding is necessary. Price v. Himeji, LLC, 214 N.J. 263, 294-95 (2013). Because fact-finding is required to resolve plaintiff's motion, we decline to exercise original jurisdiction.

Here, the motion judge did not issue any oral or written findings of fact or conclusions of law regarding plaintiff's motion to enforce the judgment. The judge simply ordered defendant to pay plaintiff the sum of $100,026, plus taxed costs. We cannot determine from the record whether the judge analyzed defendant's proofs that it did not owe additional money to plaintiff under the settlement agreement. Therefore, we reverse and remand the matter to the trial court to make the requisite findings of fact and conclusions of law in accordance with Rule 1:7-4. The remand proceeding shall be conducted within forty-five days of the date of this opinion.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2866-18T2