**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1021-18T2

RICHARD LEONCINI,

     Plaintiff-Appellant,

v.

UNITA L. PERI-OKONNY,

     Defendant-Respondent.

_____

          Submitted January 6, 2020 – Decided February 20, 2020

          Before Judges Moynihan and Mitterhoff.

          On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. SC-000609-18.

          Richard Leoncini, appellant pro se.

          Unita L. Peri-Okonny, respondent pro se.

PER CURIAM

     Plaintiff Richard Leoncini appeals from an October 12, 2018 order dismissing his complaint after a trial in the Special Civil Part. On appeal, plaintiff argues that the judge failed to consider certain evidence he proffered to

support his claims. Having reviewed the limited record before us, and in light of the applicable law, we are unable to determine whether dismissal of plaintiff's complaint was proper, as the judge did not adequately set forth his factual findings supporting his conclusion that the Contractors' Registration Act (CRA), N.J.S.A. 56:8-136 to -167, barred plaintiff's claim. In addition, the judge, without explanation, refused to accept certain documents proffered by plaintiff that purportedly would have supported his claim. Under the circumstances, we are constrained to reverse and remand for a new trial.

I.

We discern the following facts from the record. This matter arises from a contract dispute between plaintiff and defendant Unita L. Peri-Okonny. Defendant needed to replace the bathroom flooring in her apartment, which had rotted after sustaining water damage from a broken tub. After soliciting quotes from several contractors, defendant retained plaintiff to perform the work.

After the work was completed, defendant sent plaintiff two checks in August 2018 that totaled $1400. On August 31, 2018, plaintiff filed a complaint against defendant in the Special Civil Part, seeking an additional $638.11. He alleged that defendant did not pay him for all of the work he performed, as

defendant asked him to make miscellaneous repairs that were not encompassed in the parties' initial agreement which was limited to replacing the flooring.

The matter proceeded to trial on October 12, 2018. Plaintiff proffered numerous texts, two of which the judge reviewed. A July 17, 2018 text sent from plaintiff to defendant detailed the work he would perform and explained that the total price would be over $1,000. This text also stated that defendant would be responsible for $100 to supply flooring, $100 "to replace the molding if it breaks," and an undetermined amount for "any miscellaneous items." A second text exchange occurred on August 2, 2018, in which plaintiff texted that the $1000 figure would not "cover any additional cost" if any problems arose while making repairs. This text also expressed that plaintiff could not provide a final price until he "start[ed] taking things apart."

At trial, plaintiff testified that the $1400 defendant paid to him was insufficient, as the floor alone cost $1300 to repair, and he had incurred an additional $180 in expenses for purchasing materials and $300 to retain a helper to aid in the repairs. Plaintiff acknowledged that he did not provide defendant with an itemized bill, claiming he did not do so because "I'm not going to give her a bill for money not paid." Defendant countered that the parties' initial agreement encompassed the work performed, and plaintiff agreed to perform the

3

work for $1,200. She testified that plaintiff's hiring a helper was not part of the agreement.

After hearing the parties' arguments, the judge found that plaintiff had failed to "qualify under the Contractor's Liability Act [sic]," as he did not provide a written estimate or give a final itemized bill, rendering the parties' contract unenforceable. The judge then dismissed plaintiff's complaint. This appeal ensued.

On appeal, plaintiff presents the following arguments:

1. THE [TRIAL JUDGE] EXCLUDED EVIDENCE OF THIS MANNER[.]

2. DETERMINE[D] THE CASE SOLELY ON THE TESTIMONY OF . . . DEFENDANT[.]

3. SAID ["DO NOT HAVE TIME TO READ ALL THIS"] IN THE COURTROOM[.]

4. IGNORED WRITTEN AGREEMENT BETWEEN . . . DEFENDANT AND PLAINTIFF[.]

5. DETERMINE[D] THE OUTCOME OF THE CASE OFF DEFENDANT'S TESTIMONY. IGNORING WRITTEN AGREEMENT BETWEEN PLAINTIFF AND DEFENDANT WHICH WOULD HAVE CHANGED THE OUTCOME OF THE TRIAL[.]

6. DEFENDANT PURCHASE[D] SHEETROCK[,] A NEW TOILET[,] NEW VANITY TUB[,] AND

4

SHOWER SURROUND WALLS AND ALSO PURCHASE[D] A NEW SHOWER DIVERTER[,] NONE OF WHICH WAS CONTRACTED TO THE REPLACEMENT OF THE FLOOR.

## II.

In an appeal from a bench trial, "[t]he scope of [our] review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)). We review final determinations made by the trial court "premised on the testimony of witnesses and written evidence at a bench trial, in accordance with a deferential standard." D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). The factual findings and legal conclusions of the trial judge are not disturbed "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." In re Trust Created by Agreement Dated Dec. 20, 1961, 194 N.J. 276, 284 (2008) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We owe no deference to a trial court's interpretation of the law and the legal consequences that flow from established facts. D'Agostino, 216 N.J. at 182-83 (citing Manalapan Realty L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

A-1021-18T2

To facilitate appellate review, however, "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury[.] . . . The court shall thereupon enter or direct the entry of the appropriate judgment." R. 1:7-4(a). "Naked conclusions do not satisfy the purpose of [Rule 1:7-4(a)]. Rather, the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions." Curtis v. Finneran, 83 N.J. 563, 570 (1980); accord Gnall v. Gnall, 222 N.J. 414, 428 (2015). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Giarusso v. Giarusso, 455 N.J. Super. 42, 53-54 (App. Div. 2018) (quoting Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008)).

### III.

On appeal, plaintiff argues that the trial judge improperly dismissed his complaint because the judge failed to consider any evidence, documentation, or photographs submitted by plaintiff prior to rendering the decision. Based on our review of the limited record before use, the trial judge reviewed some, but not all, of the documents proffered by plaintiff. In that regard, the judge stated, "I'm not going to read all these texts" but did not explain why the unreviewed texts were irrelevant or inadmissible.

A-1021-18T2

Similarly, the judge set forth no findings of fact to support his legal conclusion that plaintiff's claims were barred by the CRA.[1] Both parties agreed that defendant did provide a written estimate and that defendant advised plaintiff that it was possible that additional work might need to be performed after the floor was removed. That turned out to be the case as four floor joists had to be replaced. The judge did not set forth on the record what the CRA requires in addition and why the text exchanges were insufficient to satisfy its requirements. Not only does this hamper our ability to meaningfully review the decision, it also failed to apprise the parties why the CRA defense, which was not asserted by defendant, barred plaintiff's claims.

---

[1] The CRA defines a "home improvement contract" as "an oral or written agreement for the performance of a home improvement between a contractor and an owner . . . of a residential or noncommercial property, and includes all agreements under which the contractor is to perform labor or render services for home improvements, or furnish materials in connection therewith." N.J.S.A. 56:8-137. For the purposes of the CRA, a "contractor" includes "a person engaged in the business of making or selling home improvements." Ibid.

Further, all home improvement contracts entered into on or after December 31, 2005 that are "for a purchase price in excess of $500, and all changes in the terms and conditions of the contracts, shall be in writing." N.J.S.A. 56:8-151(a). Such contracts must also be signed by all contracting parties and must list "all terms and conditions of the contract," including those delineated in the statute. Ibid.

We are sensitive to the demands of presiding over the Special Civil Part's calendar, a high-volume docket with many, if not most, cases involving pro se litigants. Under the circumstances of this case, however, we are constrained to reverse and remand for a new trial. On retrial, the judge will review any proffered evidence and rule whether that evidence will be admitted and why. The judge shall recite the relevant facts and the applicable law as required by Rule 1:7-4(a).

To the extent that we have not addressed the parties' remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1021-18T2