**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1561-18T3

DONOVAN M. CONEY,

     Plaintiff-Appellant,

v.

ALYCIA L. BANKS,

     Defendant-Respondent.

_____

Submitted March 30, 2020 – Decided August 4, 2020

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FD-07-3678-15.

Grayson & Associates, LLC, attorneys for appellant (Elena K. Weitz, on the briefs).

Laufer, Dalena, Jensen, & Bradley, LLC, attorneys for respondent (Mario Nicholas Delmonaco, of counsel and on the brief).

PER CURIAM

In this non-dissolution case, plaintiff Donovan M. Coney appeals a September 5, 2018 order that (1) denied plaintiff's motion to modify the parenting time and transportation provisions contained in a 2016 consent order and (2) awarded attorney's fees to defendant Alycia L. Banks. Plaintiff also appeals a November 9, 2018 order that denied his motion for reconsideration. Having reviewed the limited record before us, and in light of the applicable law, we are unable to determine whether plaintiff's application was properly denied or whether the fee award was appropriate, as the judge did not adequately set forth her factual findings or conclusions of law. Under the circumstances, we are constrained to remand to allow the judge to fully articulate her reasoning and thereby facilitate, if necessary, further appellate review.

We discern the following facts from the record. The parties, who were never married, have a son who was born on May 22, 2014. Between May 2015 and June 2016, the parties were embroiled in contentious litigation after plaintiff filed a complaint on May 20, 2015 for visitation and custody of the parties' son.

On June 14, 2016, the parties executed a written consent order resolving the issues of, among other things, parenting time and transportation. Notably,

the consent order was executed after two failed mediations and extensive negotiation with the assistance of the court. Pursuant to the order, both parties retained joint physical and legal custody of their son, with defendant acting as the parent of primary residence, and plaintiff acting as the parent of alternate residence. The order specified that plaintiff would have biweekly parenting time from 6:30 p.m. on Thursdays through 6:30 p.m. on Mondays, and weekly parenting time from 6:30 p.m. on Tuesdays through 6:30 p.m. on Wednesdays. The parties agreed to drop the child off at the other's residence to facilitate the parenting schedule, with defendant dropping him off at plaintiff's house every other Thursday, and plaintiff dropping him off at defendant's house every Wednesday and every other Monday.

The consent order also stated the following regarding information from third parties:

> Each party has an affirmative duty to promptly notify the other of illness or of such other significant and important matters affecting [their son's] health, safety, education, religious upbringing, welfare and vacation/travel plans. Neither party shall interfere with the other's right to obtain any or all of [their son's] school records, report cards, medical reports and other such documentation of like kind and character, or the other's right to communicate with [their son's] teachers, school personnel, health service providers of any nature, and other professionals that may be involved with [their son].

3

Almost immediately after the execution of the consent order, plaintiff filed a motion to address several issues left unresolved by the consent order, and to modify the custody arrangement, resulting in a June 27, 2017 order. While clarifying some aspects of the consent order, the judge denied plaintiff's application for a change in the custodial arrangement and confirmed "in all respects" all other provisions in the consent order, to include the issues of parenting time and transportation.

Five months after the execution of the consent order, plaintiff filed a motion in November 2017 to modify certain provisions of the agreement. Pertinent to this appeal, defendant sought increased parenting. After some additional submissions including a cross-motion by defendant, the judge denied plaintiff's motion in a February 12, 2018 order, in which the judge found plaintiff failed to show a significant change in circumstances that would warrant deviating from the parties' agreement as reflected in the consent order.

On June 12, 2018, plaintiff filed the instant motion to modify the parties' consent order. As in his unsuccessful prior motion in November 2017, plaintiff sought modification of the parenting time and transportation provisions in the consent order, which had been affirmed in the June 27, 2017 order. In this application, plaintiff claimed there was a change in

A-1561-18T3

circumstances based on his allegation that defendant had moved from her former residence in Newark, Essex County, to a residence in North Plainfield, Somerset County. Based on defendant's alleged relocation, plaintiff requested that their son attend elementary school in Somerset County, where plaintiff both lives and works. Plaintiff also sought to modify the custody arrangement to limit pickups and drop-offs and to require defendant to share equally in pickups and drop-offs.

On July 16, 2018, defendant cross-moved to enforce the June 27, 2017 order, and for costs and fees. Defendant asserted that sanctions were necessary to prevent defendant from filing successive frivolous motions seeking the same relief.

By order dated September 5, 2018, the judge denied plaintiff's request to modify the terms of the consent order, finding that plaintiff had failed to establish that there was a substantial change in circumstances warranting modification of the parties' parenting arrangement. Concerning plaintiff's allegation that defendant had moved to Somerset County, plaintiff produced no evidence that defendant had moved, whereas defendant produced her driver's license, issued in July 2018, that showed her current address was on

5

Hazelwood Avenue in Newark. Based on the evidence, the judge found, "[defendant] lives in Newark, end of story."

Plaintiff also argued that his employment was a changed circumstance warranting reconsideration of the pickup and drop off schedule contained in the consent order.

The judge noted that she had cautioned plaintiff at his last court appearance that if he made a subsequent application that failed to establish a substantial change in circumstances, she may award costs and fees to defendant. Because she found that the current motion lacked an evidential basis and did not show any change of circumstances, she found it appropriate to impose those sanctions. After reviewing defense counsel's certification of services, the judge awarded the full amount sought.

On September 25, 2018, plaintiff moved to reconsider the judge's September 5 order. Now represented by counsel, plaintiff sought reconsideration on the basis that neither the certification of services rendered by defendant's counsel nor the judge's decision satisfied the requirements of RPC 1.5(a) and Rule 5:3-5(c).

On November 9, 2018, the judge declined to reconsider her decision awarding legal fees to defendant. Concerning plaintiff's ability to pay, she

found it "disingenuous" for him to claim he could not pay anything toward the fee award while retaining his own counsel immediately thereafter. Regardless, she adhered to her finding that plaintiff had failed to show a significant change of circumstances to warrant modification of the consent order.

This appeal ensued.

On appeal, plaintiff raises the following arguments:

> POINT I: THE LOWER COURT'S ISSUANCE OF SANCTIONS OF [$8053.50], LATER AMENDED TO [$6000], IN ATTORNEY FEES WAS PUNITIVE, ARBITRARY AND CAPRICIOUS AND FAILED TO FOLLOW REQUIRED COURT RULE AND STATUTORY CRITERIA IN DETERMINING SUCH A SANCTION.
>
> A. THE COURT INCORRECTLY AWARDED AN ATTORNEY FEE AWARD, IGNORING THAT DEFENDANT FAILED TO SUBMIT AN AFFIDAVIT OF ATTORNEY FEES [THAT] COMPLIES WITH THE COURT RULE REQUIREMENTS.
>
> B. THE COURT FAILED TO PROVIDE A STATEMENT OF REASONS AS TO WHY THE AWARD OF ATTORNEY FEES WAS GRANTED, AND FAILED TO ADDRESS THE REQUIRED FACTORS AS SET OUT UNDER [RPC] 1.5(A) AND [RULE] 5:3-5(C).
>
> C. THE COURT FAILED TO EXAMINE . . . DEFENDANT'S BREAKDOWN OF REQUESTED FEES TO DETERMINE IF THE FEES WERE REASONABLE AND APPROPRIATE.

7

D. IN CONSIDERING THE CRITERIA UNDER [RULE] 5:3-5(C) AND [RPC] 1.5(A), AN AWARD OF ATTORNEY FEES TO . . . DEFENDANT IS NOT APPROPRIATE.

E. THE COURT INAPPROPRIATELY USED AN AWARD OF ATTORNEY FEES AS A MONETARY SANCTION.

POINT II:  THE COURT ARBITRARILY AND CAPRICIOUSLY DETERMINED THAT A CHANGE IN CIRCUMSTANCES DID NOT EXIST PERTAINING TO . . . PLAINTIFF'S REQUEST TO AMEND THE PARENTING TIME SCHEDULE AND TRANSPORTATION SCHEDULE.

POINT III:  ENTRY OF THE LIMITATION ESTABLISHED FOR . . . PLAINTIFF'S ABILITY TO CONTACT THE CHILD'S DAYCARE WAS ISSUED IN AN ARBITRARY AND CAPRICIOUS MANNER AND IGNORES THAT THE PARTIES SHARE JOINT LEGAL AND PHYSICAL CUSTODY OF THE CHILD AND IS IN DIRECT CONTRADICTION OF STATUTE [AND] CASE[]LAW.

POINT IV:  THE LOWER COURT'S DENIAL OF . . . PLAINTIFF'S REQUEST THAT THE PARTIES JOINTLY DECIDE WHERE THE CHILD ATTENDS SCHOOL WHICH WAS DENIED WAS ARBITRARY AND CAPRICIOUS WHERE AN ORDER EXISTS GRANTING THE PARTIES JOINT LEGAL AND PHYSICAL CUSTODY.

8

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998); see Gnall v. Gnall, 222 N.J. 414, 428 (2015). We accord deference to the Family Part judges due to their "special jurisdiction and expertise in family matters." Cesare, 154 N.J. at 413. The judge's findings are binding so long as they are "supported by adequate, substantial, credible evidence." Id. at 411-12. We will not "disturb the 'factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Id. at 412 (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). "'Only when the trial [judge's] conclusions are so "clearly mistaken" or "wide of the mark"' should we interfere to 'ensure that there is not a denial of justice.'" Gnall, 222 N.J. at 428 (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)).

Where the issue before us relates to a trial judge's award of counsel fees, we "will disturb [the judge's] determination . . . only on the 'rarest occasions, and then only because of a clear abuse of discretion.'" J.E.V. v. K.V., 426 N.J. Super. 475, 492 (App. Div. 2012) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). In determining whether to award fees, a trial judge must

determine the reasonableness of the fees sought based on information required by <u>Rule</u> 4:42-9(b), which incorporates RPC 1.5, and, in family matters, a party's entitlement to fees after considering the factors listed in <u>Rule</u> 5:3-5(c). <u>Id.</u> at 493. A judge "shall consider the factors set forth in [<u>Rule</u> 5:3-5(c)], the financial circumstances of the parties, and the good or bad faith of either party." N.J.S.A. 2A:34-23.

Among the factors under <u>Rule</u> 5:3-5(c) is "the reasonableness and good faith of the positions advanced by the parties both during and prior to trial." <u>J.E.V.</u>, 426 N.J. Super. at 493 (quoting <u>R.</u> 5:3-5(c)); <u>see also</u> N.J.S.A. 2A:34-23 (requiring the judge to consider "the good or bad faith of either party"). Where one party pursues a position in bad faith, the judge may award reasonable counsel's fees to the other party irrespective of the parties' relative economic health "because the purpose of the award is to protect the innocent party from unnecessary costs and to punish the guilty party." <u>Yueh v. Yueh</u>, 329 N.J. Super. 447, 461 (App. Div. 2000). Fees can be awarded or denied where otherwise appropriate based upon bad faith. <u>See</u> <u>J.E.V.</u>, 426 N.J. Super. at 493 ("[T]he party requesting the fee award must be in financial need and the party paying the fees must have the financial ability to pay, and if those two

factors have been established, the party requesting the fees must have acted in good faith in the litigation.").

Bad faith "generally impl[ies] or involv[es] actual or constructive fraud or a design to mislead or deceive another or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." Kelly v. Kelly, 262 N.J. Super. 303, 308 (Ch. Div. 1992) (quoting Black's Law Dictionary 176 (4th ed. 1968)); see also Borzillo v. Borzillo, 259 N.J. Super. 286, 293 (Ch. Div. 1992) (explaining that bad faith includes, among other things, "[t]he intentional noncompliance with a voluntary agreement" and "[t]he misuse or abuse of process to evade court-ordered obligations or obligations arising out of voluntary agreement").

To facilitate appellate review, however, "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury . . . . The court shall thereupon enter or direct the entry of the appropriate judgment." R. 1:7-4(a). "Naked conclusions do not satisfy the purpose of [Rule 1:7-4(a)]. Rather, the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions." Curtis v. Finneran, 83 N.J. 563, 570

(1980); accord Gnall, 222 N.J. at 428. "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Giarusso v. Giarusso, 455 N.J. Super. 42, 53 (App. Div. 2018) (quoting Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008)).

In this case, there was certainly evidence in the record to support the judge's factual finding that defendant did not move to Somerset County. Apart from that finding, however, the remaining issues raised by plaintiff went unaddressed. We recognize that the judge is very familiar with the parties and the issues that had been resolved in prior proceedings. Unfortunately, there is nothing in the record to show that plaintiff's employment was previously proffered as a change in circumstances. Nor did the judge make any factual findings as to why his employment was not a change in circumstances. Although it is clear from the record that plaintiff had filed several unsuccessful applications to modify the parenting time and transportation provisions in the consent order, it is not clear what specific issues were raised in those motions. Moreover, the judge made no findings of fact or conclusions of law as to why the attorney fee award was reasonable or justified based on plaintiff's alleged bad faith.

12

On remand, the judge shall recite the relevant facts and the applicable law as required by Rule 1:7-4(a).  See Giarusso, 455 N.J. Super. at 54. Thereafter either party may seek appellate review of the decision.

To the extent we have not addressed any of the parties' remaining arguments, we find that they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION