**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4641-18T4

KATHLEEN CONNORS,

    Plaintiff-Appellant,

v.

JAMES A. CONNORS, JR.,

    Defendant-Respondent.

_____

Submitted September 14, 2020 - Decided  October 23, 2020

Before Judges Currier and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hunterdon County, Docket No. FM-10-0130-16.

The Deni Law Group, LLC, attorneys for appellant (William P. Deni, Sr., of counsel; Aleida Rivera, on the briefs).

The DeTommaso Law Group, LLC, attorneys for respondent (Michael J. DeTommaso, Kevin J. Lauerman and Andrew M. Shaw, on the brief).

PER CURIAM

In this post-judgment matrimonial litigation, plaintiff Kathleen Connors appeals from two provisions of a May 14, 2019 order[1] regarding the distribution of defendant's 401(k) account and the denial of her request for counsel fees. After a review of her contentions in light of the record and applicable principles of law, we affirm the order regarding the 401(k) account distribution. However, because the court did not provide any analysis or reasons for the denial of counsel fees, we reverse and remand on that limited issue.

The parties were married for twenty-seven years when plaintiff filed for divorce in 2015. They agreed to arbitrate their disputed issues and executed a waiver permitting the arbitrator to also serve as a mediator. In 2018, following a day of mediation, the parties reached an agreement on all of their disputed issues. The arbitrator prepared a memorandum of understanding (MOU) which was signed by both parties and their counsel that day.

Pertinent to this appeal, the MOU included the following paragraph:

> Defendant's 401(k):
>
> The balance of . . . [d]efendant's 401(k) as of the date on which [p]laintiff filed her [c]omplaint was approximately $340,000. The parties stipulate that [p]laintiff is entitled to receive half, $170,000, which shall be accomplished by way of a [QDRO] . . . . The

---

[1] An amended order was issued May 22, 2019 to correct a typographical error.

cost of the preparation shall be shared equally between the parties.

Defendant agreed to pay plaintiff $730,464 to satisfy all claims of equitable distribution. The MOU directed plaintiff's share of defendant's 401(k) account – $170,000 – to be applied to the equitable distribution obligation. The MOU further stated it was an enforceable agreement and it would be incorporated into a marital settlement agreement (MSA).

Defendant prepared a proposed MSA in July 2018 and plaintiff responded with requested modifications. One of her submissions was a request to include language entitling her to the gains and losses on her share of the 401(k) account from the filing date of the complaint to the date of distribution in addition to her half of the account. Defendant disagreed with the proposed additional language because it was not the parties' agreement.

Defendant moved for the entry of a dual final judgment of divorce (DFJOD) incorporating the terms of the MOU. Plaintiff opposed the motion, asserting the parties needed to return to arbitration to clarify the MOU regarding the distribution of the 401(k) account and an additional issue. Plaintiff certified, however, that she agreed with the MOU prepared by the arbitrator.

The trial court granted defendant's motion stating: "[T]here were not any issues to arbitrate because there is an enforceable agreement between the parties

executed via the [MOU]." In November 2018, following an uncontested divorce hearing, the trial court entered a DFJOD incorporating the MOU.

In April 2019, plaintiff filed a post-judgment motion seeking enforcement of the MOU and counsel fees and costs. Plaintiff argued she was entitled to certain relief, including the gains and losses on the $170,000 from the complaint filing date in 2015 to its distribution. Although plaintiff agreed the MOU did not include language entitling her to gains and losses, she asserted both parties understood the 401(k) distribution was to be based on the formula articulated in Marx v. Marx, 265 N.J. Super. 418 (Ch. Div. 1993).

Defendant opposed plaintiff's motion, arguing her request was not the agreement articulated in the MOU. He outlined concessions he made to reach a settlement of the equitable distribution. In a cross-motion, defendant requested counsel fees. Both parties requested oral argument on their motions.

On May 14, 2019, without oral argument, the trial court entered an order and written statement of reasons, finding the MOU was "clear and unambiguous." The court noted two separate paragraphs of the MOU stated that plaintiff would receive a fixed sum of $170,000 from defendant's 401(k) by way of a QDRO. The court denied either party counsel fees, finding an award was

not warranted as "the contentious relationship between the parties necessitated this motion."

On appeal, plaintiff argues the trial court: (1) mistakenly concluded she was not entitled to market fluctuations on her marital share of defendant's 401(k); (2) failed to conduct a plenary hearing; (3) wrongfully refused to grant her request for oral argument; and (4) erred in denying her request for counsel fees and for failing to make findings of fact and conclusions of law.

We defer to family court fact findings "when supported by adequate, substantial, credible evidence." Fattore v. Fattore, 458 N.J. Super. 75, 83 (App. Div. 2019) (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). However, this court is not bound by "[a] trial court's interpretation of the law[,] and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted). "To the extent that the trial court interprets the law and the legal consequences that flow from the established facts, we review its conclusions de novo." Motorworld, Inc. v. Benkendorf, 228 N.J. 311, 329 (2017); D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013); Manalapan Realty, 140 N.J. at 378.

A-4641-18T4

"Interpretation and construction of a contract is a matter of law for the court subject to de novo review." Fastenberg v. Prudential Ins. Co. of Am., 309 N.J. Super. 415, 420 (App. Div. 1998) (citing Bradford v. Kupper Assocs., 283 N.J. Super. 556, 583 (App. Div. 1995)). With that said, "[t]he law grants particular leniency to agreements made in the domestic arena," thus allowing "judges greater discretion when interpreting such agreements." Guglielmo v. Guglielmo, 253 N.J. Super. 531, 542 (App. Div. 1992) (citing N.J.S.A. 2A:34-23).

The parties submitted their marital issues to an arbitrator who also served as a mediator. The mediation sessions resulted in an agreement on all issues that was memorialized in a MOU. Plaintiff argues the MOU lacked language regarding her entitlement to the 401(k) account's market gains and losses and the court erred in not supplying missing terms necessary to implement the MSA. We disagree.

"Settlement of disputes, including matrimonial disputes, is encouraged and highly valued in our system." Quinn v. Quinn, 225 N.J. 34, 44 (2016) (citing Konzelman v. Konzelman, 158 N.J. 185, 193 (1999)). "Marital agreements . . . are approached with a predisposition in favor of their validity and

enforceability." Massar v. Massar, 279 N.J. Super. 89, 93 (App. Div. 1995) (citing Petersen v. Petersen, 85 N.J. 638, 642 (1981)).

"The basic contractual nature of matrimonial agreements has long been recognized." Pacifico v. Pacifico, 190 N.J. 258, 265-66 (2007) (citing Harrington v. Harrington, 281 N.J. Super. 39, 46 (App. Div. 1995)). "The polestar of [contract] construction is the intention of the parties . . . ." Atl. N. Airlines, Inc. v. Schwimmer, 12 N.J. 293, 301 (1953). "The starting point in ascertaining that intent is the language of the contract." Commc'ns Workers of Am., Local 1087 v. Monmouth Cnty. Bd. of Soc. Servs., 96 N.J. 442, 452 (1984) (citation omitted). Importantly, "[i]t is not the real intent[,] but the intent expressed or apparent in the writing that controls." Friedman v. Tappan Dev. Corp., 22 N.J. 523, 531 (1956) (citation omitted).

We discern no reason to disturb the trial court's determination that the MOU was clear and unambiguous regarding the distribution of the 401(k) account. Two paragraphs addressed the retirement account, clearly stating that plaintiff was entitled to half of the account – $170,000 – and that amount would be paid by defendant towards plaintiff's share of the equitable distribution. There was no reference in the MOU that plaintiff was entitled to credits or debits for any market fluctuations or the application of the Marx formula.

Although the Chancery court in <u>Marx</u> established a formula for allocating the marital share of a deferred distribution pension, there was no necessity for the formula here because the parties stipulated in the MOU the specific amount of plaintiff's share – $170,000. Plaintiff's contention that the trial court failed to consider her assertion that the parties discussed <u>Marx</u> during their mediation discussions was properly dismissed by the court as the final agreement of the parties was memorialized in a written MOU.

Plaintiff has not demonstrated that the parties intended her to receive anything more than what was provided in "the language of the contract." <u>See</u> <u>Commc'ns Workers</u>, 96 N.J. at 452 (citation omitted). The language in the MOU is clear and there is no compelling reason offered to depart from its well-defined provisions. As our Supreme Court has stated, we should not "create a new or better contract or . . . add to, subtract from, modify, or alter any terms of the agreement." <u>Ibid.</u>; <u>Temple v. Clinton Tr. Co.</u>, 1 N.J. 219, 225-26 (1948).

Since there was no ambiguity in the MOU, a plenary hearing was not necessary "to discern the intent of the parties at the time the agreement was entered and to implement that intent." <u>Quinn</u>, 225 N.J. at 45 (citing <u>Pacifico</u>, 190 N.J. at 267).

A-4641-18T4

In addressing plaintiff's contention regarding oral argument, we acknowledge the better course for the trial court was to grant plaintiff's request for oral argument on her motion. Rule 5:5-4(a)(1) provides that "the court shall ordinarily grant requests for oral argument on substantive and non-routine discovery motions." However, the rule also permits a trial court to deny requests for oral argument, "even in cases involving 'substantive' issues." Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010). This discretion gives judges "the option of dispensing with oral argument . . . when no evidence beyond the motion papers themselves and whatever else is already in the record is necessary to a decision. In short, it is the sole purpose of these rules to dispense with what is regarded as unnecessary or unproductive advocacy." Ibid. (citing Fusco v. Fusco, 186 N.J. Super. 321, 328-29 (App. Div. 1982)).

Despite the conflicting certifications, the trial court properly discerned there were no factual disputes as to the specific issue at hand: the distribution of the 401(k) account. The parties entered into an enforceable agreement – the MOU – that had clear terms regarding the retirement account's allocation. Plaintiff has not demonstrated the trial court needed any other evidence beyond what was in the motion papers to make a decision. Therefore, it was not an abuse of discretion to not entertain oral argument.

We turn to plaintiff's assertion that it was error to deny her request for counsel fees. Although the judge referenced Rule 5:3-3(c) and RPC 1.5(a), she did not make the required findings of fact and conclusions of law but instead summarily denied plaintiff's application. The failure to provide sufficient reasoning for a decision on the fees, apart from a generic reference to the parties' contentious relationship, prevents this court from conducting a meaningful review. We therefore remand for the trial court to consider the factors under Rule 5:3-5 and N.J.S.A. 2A:34-23 and provide sufficient findings of fact and conclusions of law as required under Rule 1:7-4. As we have stated, remand is required when, in determining whether to award counsel fees, a trial court provides "[s]imple omnibus references to the rules without sufficient findings." Loro v. Colliano, 354 N.J. Super. 212, 228 (App. Div. 2002); see Giarusso v. Giarusso, 455 N.J. Super. 42, 54 (App. Div. 2018) (directing the trial judge on remand to "make specific findings of fact and conclusions of law in compliance with Rule 1:7-4.").

Affirmed in part, reversed in part and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10                                                              A-4641-18T4